IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THE ESTATE OF DANIEL BLEVINS,
JODY BLEVINS, Plaintiffs Pro Se
105 North Fair Oaks Avenue
Madison, WI 53714,                                                     ORDER

        Plaintiffs,

                    07-C-537-C

  v.

ST. JOSEPH REGIONAL MEDICAL CENTER,
PLYMOUTH CAMPUS, Plymouth, IN.;
DINESH C. SHAH, M.D., Plymouth, IN.;
(UNKNOWN) ARLEDGE, M.D., Plymouth, IN.;
JOHN DOE, M.D., Plymouth, IN.;
JANE DOE, R.N., #1 Plymouth, IN.;
JANE DOE R.N. #2, Plymouth, IN.;
JANE DOE R.N. #3, Plymouth, IN.;
JANE DOE R.N. #4, Plymouth, IN.;
T. METSKER, R.N., Plymouth, IN.;
UNIVERSITY OF WISCONSIN HOSPITAL
CLINICS & AUTHORITIES, Madison, WI;
DR. ALEXANDRU OR JOHN DOE MUSAT, M.D.,
Madison, WI;
JOHN DOE, M.D., Madison, WI; and
ABC INSURANCE COMPANIES, Insurers
of the above parties,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1

In this civil action for monetary relief, plaintiff Jody Blevins seeks to sue on her own behalf and on behalf of the estate of her husband, for defendants' negligence in their care of Daniel Blevins, who is now deceased. Although plaintiff has paid the full fee for filing her action in this court, regrettably, it must be dismissed at the outset for lack of jurisdiction.

Generally, federal courts have the authority to hear two types of cases: 1) cases in which the plaintiff alleges a violation of her constitutional rights or rights established under federal law; and 2) cases in which a citizen of one state alleges a violation of her rights established under state law by a citizen of other state.

In this case, plaintiff's claim of negligence is one arising under state law. Therefore, she appears to be intending to invoke this court's diversity jurisdiction. However, under 28 U.S.C. § 1332(a)(1), jurisdiction exists only if there is *complete* diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000. In this case, plaintiff has failed to allege facts from which it may be inferred that her citizenship is diverse from the citizenship of each defendant she names.

For the purpose of establishing diversity jurisdiction, the court examines the citizenship, not the residency, of individual persons. An individual is a citizen of the state in which she is domiciled, that is, where she has a "permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also

2

Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one domicile, but may have several residences.  Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).  For the purpose of this decision, I have assumed from the Madison address plaintiff gives in her complaint that plaintiff's residence in Wisconsin is her permanent home and principal establishment and thus, that she is a citizen of Wisconsin.

In addition to defendants for whom plaintiff provides an Indiana address, she has named as defendants the "University of Wisconsin Hospital Clinics & Authorities" at 600 Highland Ave., Madison, Wisconsin and "Dr. Alexandru or John Doe Musat, M.D.," also at the Highland Ave. address.  Ordinarily, the citizenship of a business entity is determined by its organizational structure.  A corporation is deemed a citizen of the state in which it is incorporated and the state in which its principal place of business is located, 28 U.S.C. § 1332(c)(1); Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 741 (7th Cir. 2004).  I take judicial notice that in 1995, the Wisconsin State legislature created the University of Wisconsin Hospital and Clinics Authority, 1995 Wis. Laws 27, § 6301 (codified at Wis. Stat. § 233.01 et seq.).  Until then, the University of Wisconsin Hospital and Clinics was part of the University of Wisconsin, a state university that was conceded to be part of the state.  Takle v. University of Wisconsin Hosp. and Clinics Authority, 402 F.3d 768 (7th Cir. 2005).  With the legislature's action in 1995, the

3

Authority became a "hybrid" private entity, Id. at 771, with some characteristics of a public entity and other characteristics of a private entity. Whether it is a private entity or a public entity, however, its creation by the Wisconsin legislature and its principal place of business in Wisconsin makes Wisconsin the place of its citizenship. This means that there is not complete diversity between the parties and the action must be dismissed.[1]

Plaintiff should be aware that if she decides to refile her action in state court and continues to sue on behalf of her husband's estate, she may be required to secure the services of a lawyer to litigate her claims. Although individuals have a right to proceed pro se, 28 U.S.C. § 1654; Navin v. Park Ridge School Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam), administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate. Consequently, if she is not the sole beneficiary of the estate, then she may not represent the estate in court. Malone v. Nielson, 474 F.3d 934, 936-937 (7th Cir. 2007) (citing Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.2002) and Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir.1998)).

---

[1] I note as well that plaintiff has sued doctors who work at the University of Wisconsin Hospital and Clinics Authority. Although it is not impossible that these doctors are citizens of a state other than the one in which they work, it is not likely. If plaintiff were to bring a new lawsuit in this court omitting the University of Wisconsin Hospital and Clinics Authority as a defendant, I still would be unable to assume jurisdiction over plaintiff's lawsuit under the diversity statute unless plaintiff were to show that these defendants are citizens of some state other than Wisconsin.

4

ORDER

IT IS ORDERED that this case is DISMISSED on the court's own motion for lack of jurisdiction.

Entered this 9th day of October, 2007.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge